# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICHARD GIBSON, ) | CV F 05 0042 AWI LJO HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| LEA ANN CHRONES, Warden, ) | [Doc. #1] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial on March 12, 1979, of murder in the first degree in violation of Cal. Penal Code § 187. On April 19, 1979, Petitioner was sentenced to serve an indeterminate prison term of seven years to life.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and Petitioner's traverse to Respondent's answer.

1  On January 3, 2002, a parole suitability hearing was held by the California Board of Prison
2  Terms ("BPT"). At the conclusion of the hearing, the BPT denied parole and deferred rehearing for
3  three years.
4  On February 1, 2002, Petitioner filed an administrative appeal of the decision. On November
5  13, 2002, the appeal was denied. Thereafter, Petitioner did not pursue any further administrative
6  appeals or appellate challenges in the state courts.
7  On November 20, 2003, Petitioner filed a civil rights complaint in this Court. See Case No.
8  CV F 03 6639 AWI DLB HC. On December 17, 2003, it was redesignated as a federal petition for
9  writ of habeas corpus. On May 14, 2004, the petition was dismissed for failure to exhaust state
10 remedies.
11 On February 19, 2004, Petitioner filed a petition for writ of habeas corpus in the California
12 Supreme Court. On December 22, 2004, the petition was summarily denied.
13 On January 10, 2005, Petitioner filed the instant petition for writ of habeas corpus in this
14 Court. The petition for writ of habeas corpus does not challenge the underlying conviction; rather, it
15 challenges the January 3, 2002, decision of the California Board of Prison Terms to deny parole.
16 On June 27, 2005, Respondent filed an answer to the petition for writ of habeas corpus.
17 On July 13, 2005, Petitioner filed a traverse to Respondent's answer. On July 15, 2005,
18 Petitioner filed an opposition to Respondent's contention that the petition was filed beyond the one-
19 year statute of limitations.

20 **DISCUSSION**

21 I.  Standard of Review

22 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
23 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
24 Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114
25 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*
26 *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)
27 (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was
28 filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004); Sass v. California Board of Prison Terms, 2005 WL 1406100, *2 (E.D. Cal.2005); see 28 U.S.C. § 2254(a) (This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of

materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

II.  Untimeliness of Petition

Respondent claims the instant petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

As previously indicated, the instant petition was filed on January 10, 2005, and thus, it is subject to the provisions of the AEDPA. The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

            (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging the BPT's decision to deny parole, the relevant date for determining when the one-year statute of limitations began to run is when the BPT denied petitioner's administrative appeal. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). Here, the BPT denied Petitioner's administrative appeal on November 13, 2002. Therefore, Petitioner had one year until November 13, 2003, to file the instant petition. However, Petitioner did not file the instant federal petition until January 10, 2005. Absent applicable tolling, the petition is time-barred.

    A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

Here, Petitioner did not file any applications for state collateral relief until filing his habeas

petition in the California Supreme Court on February 19, 2004. However, the limitations period had already expired at this point. Petitioner argues that he filed a federal habeas petition in this Court on December 17, 2003, in Case No. CV F 03 6639 AWI DLB P. Actually, the petition was filed on November 20, 2003, as a civil rights complaint. It was redesignated on December 17, 2003, as a habeas corpus action. Ultimately, the petition was dismissed without prejudice on May 14, 2004, because Petitioner's sole claim for relief was unexhausted. In any case, the petition/complaint was filed after the limitations period had already expired; therefore, it could not operate to toll the limitations period. Moreover, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

B. Other Considerations

Petitioner contends he filed a state habeas petition in the Los Angeles County Superior Court in Case No. A613586, which he states was denied on November 30, 2003. However, the matter he references is actually his underlying criminal action; it is not a habeas action challenging the parole board's decision.

Petitioner also objects to Respondent's averment of a violation of the limitations period in the answer. Petitioner cites to the briefing schedule which required Respondent to file a motion to dismiss based on limitations within sixty (60) days of the date of service of the order. Petitioner correctly points out that Respondent's answer was filed after this time period had elapsed. Nevertheless, the briefing schedule only applied to the filing of a motion to dismiss in lieu of an answer. The Court's order did not preclude Respondent from raising the issue in her answer. It was within Respondent's discretion to address the issue of the limitations period in a motion to dismiss, or as part of her answer addressing the merits of the petition.

Petitioner has violated the one-year statute of limitations. Therefore, the petition should be dismissed with prejudice.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice and the Clerk of Court be DIRECTED to enter judgment for Respondent.

1    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
2 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
3 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
4 California.
5    Within thirty (30) days after being served with a copy, any party may file written objections
6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
8 filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
9 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
12 IT IS SO ORDERED.
13 **Dated:    August 22, 2006**              **/s/ Lawrence J. O'Neill**
   b9ed48                                    UNITED STATES MAGISTRATE JUDGE