UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JOHN RICHARD GIBSON,** | ) | 1:05-cv-0042-AWI-LJO-HC |
| **Petitioner,** | ) ) ) | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | ) ) | |
| **LEA ANN CHRONES, WARDEN,** | ) ) | |
| **Respondent.** | ) ) | |

      Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 13, 2006, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the petition for violating 28 U.S.C. § 2244(d)(1)'s one year statute of limitations.  Petitioner then filed numerous notices of appeal.

      This action is now before the court to determine if the court should issue a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

      (B) the final order in a proceeding under section 2255.
  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484-85.

      In the present case, the court finds that reasonable jurists would not disagree with this court's determination that Plaintiff's claims concerning the denial of his parole are barred by 28 U.S.C. § 2244(d)(1)'s one year limitations period.  Given Petitioner did not file his petition concerning parole in the California Supreme Court or his prior petition in this court until after the limitation period had already expired, the court finds reasonable jurists would not disagree that Plaintiff is not entitled to equitable tolling.  The only petition filed in state court within the limitation period did not concern the parole denial at issue in this action.  Accordingly, the court hereby ORDERS that no certificate of appealability shall be issued.

      The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

**Dated:   February 21, 2007**           **/s/ Anthony W. Ishii**
0m8i78                              UNITED STATES DISTRICT JUDGE

2