# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN R. GIBSON, | ) | 1:05-CV-00042 AWI GSA HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION |
| LEE ANN CHRONES, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on remand from the Ninth Circuit Court of Appeals.

On January 10, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On June 27, 2005, Respondent filed an answer in which she claimed, *inter alia*, that the petition for writ of habeas corpus was filed beyond the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244(d)(2). On August 22, 2006, a Findings and Recommendation issued which recommended the petition be dismissed with prejudice. On October 13, 2006, the District Court adopted the Findings and Recommendation and dismissed the petition.

Petitioner thereafter appealed the judgment. On May 2, 2008, the Ninth Circuit remanded

1

1 the case to the District Court to consider whether Petitioner should be entitled to statutory tolling
2 for the time a state petition was pending in the Los Angeles County Superior Court. In particular,
3 Petitioner references Case No. A613586, before Judge Curtis B. Rappe.
4    On August 4, 2008, the undersigned issued an order directing the parties to brief the issue
5 of the Los Angeles County state petition.

6                                             DISCUSSION

7    Respondent argues that Petitioner should not be entitled to tolling for the time the state
8 habeas petition was pending, because Petitioner has failed to meet his burden of showing he is
9 entitled to statutory tolling. Respondent correctly argues that Petitioner bears the burden of
10 demonstrating entitlement to tolling; however, once Petitioner has alleged specific facts, as in
11 this case where Petitioner has specified Los Angeles County Superior Court case number
12 A613586, Respondent bears the burden of arguing that the facts alleged do not merit tolling of
13 the limitations period. <u>Smith v. Duncan</u>, 297 F.3d 809, 814-15 (9th Cir.2002).
14    Pursuant to 28 U.S.C. § 2244(d)(2), statutory tolling is available only during the period
15 that "a properly filed application for State post-conviction or other collateral review with respect
16 to the pertinent judgment or claim was pending." Respondent avers that she has obtained the
17 entire case file for the case Petitioner references. Respondent states the superior court provided
18 her with the case file comprised of over 1,000 pages of documents, and not one document relates
19 to Petitioner's challenge to his parole consideration hearing. Rather, the entire record with one
20 exception pertains to Petitioner's underlying conviction. The one exception was a notice sent to
21 the superior court from the Department of Corrections notifying the court of the upcoming 2000
22 parole hearing. In his reply brief, Petitioner does not dispute the subject of the state case. He only
23 asks that the Court grant him statutory tolling for the time the case was pending in the superior
24 court.
25    Petitioner is not entitled to statutory tolling in this case. As noted above, statutory tolling
26 is only available if the application for State post-conviction or other collateral review concerns
27 the *pertinent judgment or claim*. Since the subject of state case number A613586 was the
28 underlying conviction and not the parole consideration hearing, the case cannot operate to toll the

limitations period.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 12, 2008**                **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

cd

3